UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HAKEEM T. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01418-JPH-TAB |
| | ) |
| DOUGLAS STOUT, | ) |
| KOKOMO POLICE DEPT. DRUG TASK | ) |
| FORCE, | ) |
| CHAD VAN CAMP, | ) |
| AARON TARRH, | ) |
| BROK WESTFALL, | ) |
| JUSTIN MACKY, | ) |
| CITY OF KOKOMO, | ) |
| JERRY ASHER, | ) |
| HOWARD COUNTY SHARIFF DEPT., | ) |
| HOWARD COUNTY PROBATION DEPT., | ) |
| MEGAN ENRIGHT, | ) |
| LAURA ROOD, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Hakeem T. Johnson filed this civil action while incarcerated at the Howard County Jail. He alleges that he was falsely arrested and imprisoned. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Johnson alleges that on April 17, 2023, he was pulled over for a routine traffic stop after disregarding a stop light. He was held for an hour before a drug-sniffing K-9 arrived and indicated the presence of drugs in the vehicle. Drugs were not found in the vehicle, but a handgun was. Mr. Johnson was placed under arrest for unlawful carrying of a handgun. On April 18, 2023, a probable cause affidavit was filed by the State of Indiana, and the next day, a magistrate judge found probable cause and set bond. *Indiana v. Johnson,* 34D04-2304-F5-001138 (Howard Sup. Ct. 4).[1] Mr. Johnson bonded out of jail and was placed on pretrial release. Dkt. 1 at 2-3.

---

[1] *See McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (stating that a court may take judicial notice of court records).

On June 20, 2023, a search warrant for Mr. Johnson's home was executed by the Kokomo Police Department. During the search, no drugs were found but Sgt. Arron Tarrh located a 9mm handgun on the top of the refrigerator that belonged to Mr. Johnson's girlfriend. Meagan Enright from the Howard County Probation Department sought a warrant. Judge Pate found probable cause and issued the warrant without bond. *Johnson,* 34D04-2304-F5-001138 (June 20, 2023). Mr. Johnson was then arrested for violating the terms of his pretrial release based on the fact that a handgun was found at his residence. A hearing on the pretrial release violation was heard by Judge Pate on June 29, 2023. Mr. Johnson's girlfriend testified that the handgun was hers and presented a bill of sale for the purchase. Dkt. 1 at 3. The hearing was continued so that Mr. Johnson's girlfriend could bring the sale clerk to court to verify that she sold the gun. *Id.* at 4. The sale clerk provided a notarized statement along with the bill of sale, but Mr. Johnson was denied release. Following discovery and a hearing on a motion to suppress, Judge Pate ordered Mr. Johnson's release from the Howard County Jail. *Id.* (Aug. 23, 2023). The state criminal case was later dismissed at the request of the State. *Id.* (Feb. 28, 2024).

Mr. Johnson's complaint names thirteen defendants: 1) Chief of Police Douglas Stout, 2) Kokomo Police Department Drug Task Force, 3) Sgt. Chad Van Camp, 4) Sgt. Aaron Tarrh, 5) Brok Westfall, 6) Justin Macky, 7) City of Kokomo, 8) Howard County Sheriff, 9) Jerry Asher, 10) Howard County Sheriff Dept., 11) Howard County Probation Department, 12) Laura Rood, and 13) Meagan

Enright. Mr. Johnson seeks compensatory damages for lost wages, emotional strain, pain and suffering, mental anguish, and loss of enjoyment of life.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Mr. Johnson's allegations implicate the Fourth Amendment. The "Fourth Amendment protects against unreasonable seizures, and the 'general rule [is] that Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime.'" *Moorer v. City of Chicago, et al.,* No. 22-1067, 2024 WL 511197, at *3 (7th Cir. Feb. 9, 2024) (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013) (internal quotation marks omitted); and citing *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019)).

Here, Mr. Johnson was initially stopped for disregarding a traffic light. Mr. Johnson does not contest that the initial seizure when he was stopped was based on probable cause and lawful. However, "seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." *Illinois v.*

4

*Caballes*, 543 U.S. 405, 407 (2005). Construed broadly, Mr. Johnson's complaint is understood to allege that he was detained for longer than necessary to complete the traffic violation stop, in this case an hour. *Id.* at 407-408. Thus, if the dog sniff was conducted while Mr. Johnson was being unlawfully detained, his Fourth Amendment rights were violated. *United States v. Goodwill*, 24 F.4th 612, 615–16 (7th Cir. 2022). The defendants involved in this stop, search, and Mr. Johnson's arrest were Officer Brok Westfall, Officer Justin Macky and Sgt. Chad Van Camp. Dkt. 1 at 2. This Fourth Amendment claim shall proceed as submitted.

Although false arrest, negligence, false imprisonment, denial of due process, and equal protection are claims mentioned in the complaint, the allegations do not support such claims against any other named defendant. The Court takes judicial notice of the state criminal docket sheet, 34D04-2304-F5-001138, that reflects Mr. Johnson's detention was the result of a judicial order, as was the subsequent search of his home pursuant to a search warrant. Under these circumstances, and without additional allegations of misconduct, the complaint fails to state a claim upon which relief may be granted as to Chief of Police Douglas Stout, Kokomo Police Department Drug Task Force, Sgt. Aaron Tarrh, City of Kokomo, Howard County Sheriff, Jerry Asher, Howard County Sheriff Department, Howard County Probation Department, Laura Rood, and Meagan Enright.

The Fourth Amendment false arrest claim against Officer Brok Westfall, Officer Justin Macky and Sgt. Chad Van Camp, for money damages shall

proceed. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through May 15, 2024**, in which to identify those claims.

The **clerk is directed** to terminate Chief of Police Douglas Stout, Kokomo Police Department Drug Task Force, Sgt. Aaron Tarrh, City of Kokomo, Howard County Sheriff, Jerry Asher, Howard County Sheriff Department, Howard County Probation Department, Laura Rood, and Meagan Enright as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Brok Westfall, Officer Justin Macky and Sgt. Chad Van Camp, in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/17/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HAKEEM T. JOHNSON
917 East Elm Street
Kokomo, IN 46901

Officer Brok Westfall
Kokomo Police Department
100 S. Union St.
Kokomo, IN  46901

Officer Justin Macky
Kokomo Police Department
100 S. Union St.
Kokomo, IN  46901

Sgt. Chad Van Camp
Kokomo Police Department
100 S. Union St.
Kokomo, IN  46901